# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

ELLIOT C. BOOSE,

        Plaintiff,                       CASE No. 07-12098

v.                                                  HON. LAWRENCE P. ZATKOFF

FORD MOTOR COMPANY,

        Defendant.
_____/

## OPINION AND ORDER

AT A SESSION of said Court, held in the
United States Courthouse, in the City of Port Huron,
State of Michigan, on August 23, 2007

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

This matter is before the Court on Plaintiff's "Motion to Ammend Judgement [sic] and Request for a New Trial" (Docket #7) and Supplemental Evidence for Plaintiff's Motion to Ammend Judgement [sic] (Docket #8). For the reasons set forth below, Plaintiff's Motion is DENIED.

## I. BACKGROUND

In his complaint, Plaintiff claims to have conceived of an idea for a television show in which contestants would compete for the opportunity to assist in the development of a new model Ford Vehicle. According to Plaintiff, he mailed his idea to William Clay Ford, Jr., and received a response from Defendant's Idea Department indicating that his idea had been received. Thereafter, Plaintiff corresponded with various Ford employees via email regarding his idea and was informed that Defendant does not accept unsolicited marketing ideas. Plaintiff then claims that Ford infringed on

his copyrighted material by considering the development of a similar concept. Plaintiff has filed the current suit claiming that Defendant infringed on his copyright and requesting that Defendant compensate him for his idea.

In a June 11, 2007 Opinion and Order ("June Opinion"), the Court dismissed Plaintiff's Complaint. In the June Opinion, the Court stated:

> The Court finds that the Plaintiff's Complaint fails to state a claim upon which relief can be granted. Plaintiff's complaint fails to set forth facts that support his allegation that he had a valid and enforceable copyright in his idea for a television show. Furthermore, the complaint fails to state how exactly Defendant copied his idea in a legal sense. Accordingly, Plaintiff's Complaint fails to state a claim upon which relief can be granted under FED. R. CIV. P. 12(b)(6). *See Schied*, at 436; *see Hendrock*, at 574. Additionally, the Court finds that Plaintiff's complaint has no arguable basis in fact and is, therefore, frivolous. Because the Court has no discretion to allow the Plaintiff to amend his Complaint under § 1915(e), the Court must dismiss Plaintiff's Complaint. *See McGore* [*v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997)].

Plaintiff subsequently and timely filed the Motion to Alter or Amend Judgment and the Supplemental Evidence. As this case has not proceeded beyond the Complaint stage, the Court shall treat Plaintiff's filings as a Motion for Reconsideration of the June Opinion.

## II. APPLICABLE LEGAL STANDARD

In order to obtain reconsideration of a particular matter, the party bringing the motion for reconsideration must (1) demonstrate a palpable defect by which the court and the parties have been misled; and (2) demonstrate that "correcting the defect will result in a different disposition of the case." United States District Court, Eastern District of Michigan Local Rule 7.1(g). See also *Graham ex rel. Estate of Graham v. County of Washtenaw*, 358 F.3d 377, 385 (6th Cir.6) 2004; *Aetna Cas. and Sur. Co. v Dow Chemical Co.*, 44 F.Supp.2d 865, 866 (E.D. Mich. 1999); *Kirkpatrick v. General*

*Electric*, 969 F.Supp. 457, 459 (E.D. Mich. 1997).

### III. ANALYSIS

In his recent filings, Plaintiff has submitted additional documentation to the Court regarding his alleged copyright of the "Ford Trends" concept. The Court finds, however, that this documentation, taken with the allegations in Plaintiff's Complaint, still fail to (1) set forth facts that support his allegation that he had a valid and enforceable copyright in his idea for a television show, or (2) state how exactly Defendant copied his idea in a legal sense. Accordingly, even with the additional documentation, Plaintiff's Complaint fails to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6). Therefore, for the foregoing reasons and for the reasons set forth in the June Opinion, the Court must dismiss Plaintiff's Complaint. *See McGore*, 114 F.3d at 612.

### IV. CONCLUSION

Accordingly, and for the reasons set forth above, Plaintiff's Motion to Amend Judgment and Request for a New Trial (Docket #7) is DENIED.

IT IS SO ORDERED.

s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: August 23, 2007

CERTIFICATE OF SERVICE

       The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on August 23, 2007.

                                             s/Marie E. Verlinde
                                             Case Manager
                                             (810) 984-3290